United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE RODRIGUEZ,<br><br>        Petitioner,<br><br>    v.<br><br>FEDRIC FAULK,<br><br>        Respondent. | Case No. 14-cv-00976-VC (PR)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL; GRANTING PETITIONER EXTENSION OF TIME TO FILE TRAVERSE** |

On January 28, 2015, Jorge Rodriguez filed a motion for appointment of counsel in this habeas action. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728. The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural or legal questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that exceptional circumstances entitling Rodriguez to court appointed counsel do not exist at this time.  Accordingly, the interests of justice do not require appointment of counsel, and Rodriguez's motion is DENIED.  This denial is without prejudice to the Court's *sua sponte* reconsideration should the Court find appointment of counsel is necessary following consideration of the merits of Rodriguez's claims.

Rodriguez's traverse was due on August 12, 2014, but he has not filed it.  In the interests of justice, Rodriguez shall have **twenty-eight (28) days** from the date of this order to file his traverse.  If he does not do so within this time period, the merits of his petition will be considered without a traverse.

This Order terminates Docket No. 25.

**IT IS SO ORDERED.**

Dated:  February 12, 2015

_____
VINCE CHHABRIA
United States District Judge